Kenneth R. CONN, Plaintiff–Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,** Defendant–Appellee.

No. 94–5114.

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 3, 1995.

Decided Feb. 6, 1995.*

* This decision was originally issued as an "unpublished decision" filed on February 6, 1995. On March 28, 1995, the court designated the opinion as one recommended for full-text publication.

Dennis M. Stutsman (briefed), Northeast Kentucky Legal Services, Morehead, KY, for plaintiff-appellant.

John S. Osborn, III, Asst. U.S. Atty. (briefed), Lexington, KY, for defendant-appellee.

Before: MERRITT, Chief Judge; BATCHELDER, Circuit Judge; WEBER, District Judge.**

MERRITT, Chief Judge.

This appeal challenges the denial of social security benefits for back pain, inflammatory arthropathy (arthritis-type condition) and right-eye blindness. On behalf of Secretary of HHS, ALJ denied benefits, the Appeals Council denied claimant's request for review and District Court found substantial evidence to support ALJ decision.

■ First, claimant does not meet the requirements of Listing 1.02, which sets out the necessary impairments to find disability for arthritis-type diseases.

The claimant Kenneth Conn, a 39-year-old male, complained of a wide variety of maladies, including back, neck, chest, joint and stomach pain, as well as headaches, dizziness, insomnia, fatigue and gastritis. Claimant is functionally illiterate (sixth-grade education) and has worked as a gas station attendant, concrete truck driver and brush clearer for a tree service in the past. The ALJ found that claimant's ailments prevent him from working at his past relevant work. (ALJ Findings at 8, J.A. at 20). After reviewing the medical evidence and hearing the testimony of claimant and his wife, however, the ALJ found that plaintiff's subjective complaints of pain were not supported by objective clinical evidence to the extent alleged. (ALJ Findings at 7, J.A. at 19). The evidence showed slight degeneration of two lumbar discs and a slight bulging in the lumbar region resulting in limitation in range of motion and flexibility, but normal sensation and reflexes in the extremities. On at least one occasion, claimant has been diagnosed with tenderness in the hands, knees and ankles, presumably due to the arthritic condition. The record established right-eye blindness and inflammatory arthropathy that limits the claimant to a reduced range of sedentary work but does not totally disable him. (Findings of ALJ at 7–8, J.A. at 19–2).

Listing 1.02 of disabling diseases and conditions concerns arthritis and other inflammatory joint diseases. Claimant, however, does not meet the requirements on the face of Listing 1.02, including the durational requirement of the condition. In addition to requiring a "history of persistent joint pain, swelling and tenderness," the Listing has a durational requirement of 12 months with persistent symptoms despite three months of prescribed therapy. Listing 1.02. Claimant admits the record does not contain evidence that he meets the durational requirement. (Appellant's brief at 10–11) Claimant, however, states that the ALJ may find he "meets or equals" the Listing due to his arthritis combined with his back pain and right-eye blindness and is therefore disabled. While claimant is correct that the ALJ may find claimant "meets or equals" the Listing based on the evidence and find him disabled, the ALJ chose not to do so here. The ALJ properly took account of the medical evidence and the testimony of claimant and his wife regarding his symptoms, pain and fatigue and decided that Claimant did not meet Listing 1.02. (Findings of ALJ at 5–6, J.A. at 17–18). There is substantial evidence in the record to support this finding.

■ Second, the ALJ properly relied on the testimony of the vocational expert. Upon a finding that claimant could not perform his past relevant work, the burden shifted to the Secretary to demonstrate that claimant has the residual functional capacity to undertake some type of work and that the type of work is available in significant numbers in the national economy. The Secretary may use vocational experts to meet its burden.

■ Claimant first argues that the hypotheticals given by the ALJ to the vocational expert did not properly address his limitations, particularly the joint pain in his hands. (Appellant's brief at 12). The most recent medical evidence, however, did not find anything wrong with claimant's hands. The only evidence of anything wrong with claimant's hands was claimant's own testimony that his

** The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

hands became swollen and sore when he held anything for a period of time. The ALJ chose not to find this testimony credible based on the lack of objective clinical support and therefore did not ask a hypothetical based on this particular limitation.

Claimant also appears to challenge the ALJ's determination that he is not disabled because the ALJ did not include a hypothetical that takes into consideration any limitation on the frequency of time off that claimant would need due to his joint pain and swelling. (Appellant's brief at 12). First, claimant bases this error on the fact that he required total bed rest after his last job. *Id.* Claimant's last job, however, was more strenuous than the sedentary jobs recommended for claimant and do not provide a proper basis for comparison as the ALJ determined that claimant could not perform his past relevant work. The ALJ did not find any credible evidence in the record to support the finding that if claimant is working at a sedentary job that his joint pain and swelling would require time off.

In addition, the claimant need not be found capable of full-time work to be found capable of working. The social security regulations regard part-time work as "substantial work activity." 20 C.F.R. § 404.1572(a) (1989); *see also Davis v. Secretary of Health and Human Services,* 915 F.2d 186, 189 (6th Cir.1990). Although there is no finding by the ALJ regarding claimant's ability to work full-time, such a finding is not required.

When asked by the ALJ to consider the situation where claimant is in constant pain, the vocational expert testified that claimant would be unable to perform any sedentary work. (Tr. at 18, J.A. at 46). The ALJ, however, did not need to consider that testimony where the objective medical evidence did not support a finding that claimant was in constant pain. (ALJ Findings at 7, J.A. at 19).

Claimant's last alleged error concerns the testimony of the vocational expert concerning the classifications of the jobs described as "sedentary" by the vocational expert. While the vocational expert describes certain jobs as "sedentary," the *Dictionary* classifies jobs with the same name as "light" or "medium." Claimant contends that the expert must rely on the *Dictionary* classification or explain the source of the rating. Because the vocational expert's rating was different from the *Dictionary,* claimant alleges error. Claimant asks for a remand to resolve the discrepancy and states that the Sixth Circuit has not addressed this issue directly.

While it may be true that at the time of filing Appellant's brief the Sixth Circuit did not have a published opinion directly on the issue, at least one published decision has since addressed the issue raised by claimant. In *Barker v. Shalala,* 40 F.3d 789 (6th Cir. 1994) (Martin, Nelson, Daughtrey) (per curiam) the Court held that while the ALJ may take judicial notice of the classification in the *Dictionary,* the ALJ may accept testimony of a vocational expert that is different from information in the *Dictionary of Occupational Titles.* In an unpublished opinion, *Basinger v. Secretary of Health and Human Servs.,* 33 F.3d 54 (6th Cir.1994) (Boggs, Guy, Contie), the Court stated that the ALJ may rely on the testimony of the vocational expert even if it is inconsistent with the job descriptions set forth in the *Dictionary.*

Even without the holdings of these two recent opinions, the ALJ was within his rights to rely solely on the vocational expert's testimony. The social security regulations do not require the Secretary or the expert to rely on classifications in the *Dictionary of Occupational Titles.* 20 C.F.R. § 404.1566(d).

Accordingly, the judgment of the District Court is affirmed.