PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 6/12/96**

TENTH CIRCUIT

---

SUHIYR SALEEM,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner of
Social Security,[*]

      Defendant-Appellee.

No. 95-5145

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 93-C-806-K)

---

Submitted on the briefs:

Paul F. McTighe, Jr., Tulsa, Oklahoma, for Plaintiff-Appellant.

Stephen C. Lewis, United States Attorney, Phil Pinnell, Assistant United States Attorney,
Joseph B. Liken, Acting Chief Counsel, Tina M. Waddell, Acting Deputy Chief Counsel,
Randall Halford, Assistant Regional Counsel, Office of the General Counsel, Social Security
Administration, Dallas, Texas, for Defendant-Appellee.

---

[*]      Effective March 31, 1995, the functions of the Secretary of Health and Human
Services in social security cases were transferred to the Commissioner of Social Security.
P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of
Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services,
as the defendant in this action. Although we have substituted the Commissioner for the
Secretary in the caption, in the text we continue to refer to the Secretary because she was the
appropriate party at the time of the underlying decision.

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

ANDERSON, Circuit Judge.

Suhiyr Saleem appeals from an order of the district court affirming the Secretary's decision denying her application for Supplemental Security Income (SSI).[1] Ms. Saleem filed for SSI on September 20, 1989. She alleged disability due to arthritis, headaches, back problems, and nerves. Her requests were denied initially and on reconsideration. Following a de novo hearing on August 28, 1990, an administrative law judge (ALJ) determined that she was not disabled within the meaning of the Social Security Act. The Appeals Council reversed and remanded to the ALJ for further evaluation of Ms. Saleem's substance abuse disorder. The ALJ held a second hearing on October 23, 1992. After this hearing, he again determined that Ms. Saleem was not disabled. The Appeals Council denied review, and Ms. Saleem filed suit in district court. The district court affirmed the Secretary's decision, and she appealed to this court.

We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

legal standards were applied. Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989)(quotation omitted).

The Secretary has established a five-step evaluation process pursuant to the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing five-step disability test). When the analysis reaches step five, the Secretary bears the burden of showing that a claimant retains the capacity to perform other work and that such work exists in the national economy. Id. at 751.

Here, the ALJ found that Ms. Saleem had no past relevant work. Reaching step five, he found, however, that she retained the residual functional capacity to perform the full range of light work, reduced by her need to avoid climbing, heights, moving machinery, and driving automotive equipment. He then applied the Medical-Vocational Guidelines, 20 C.F.R. § 404, Subpt. P, App. 2, Rule 202.20 (the grids) as a framework, considered testimony from a vocational expert, and concluded that Ms. Saleem was not disabled.

Ms. Saleem challenges the ALJ's decision that her personality disorder and substance abuse disorder did not meet a listed impairment. She also contends that the ALJ failed to evaluate properly her nonexertional impairments: pain, and addiction to and side effects of

prescription drugs. We agree that the ALJ failed to evaluate properly Ms. Saleem's pain. This failure is closely tied to his evaluation of her substance addiction.

Drug addiction is a nonexertional impairment. Channel v. Heckler, 747 F.2d 577, 580 (10th Cir. 1984). In order to establish disability based on drug addiction, a claimant must prove both that she has lost the ability to control her use of the drug, and that her addiction, either alone or in combination with her other impairments, precludes her from engaging in substantial gainful activity. Cf. Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995)(alcoholism); Soc. Sec. R. 82-60.

The Appeals Council remanded this case to the ALJ to determine whether Ms. Saleem could control her intake of her prescription medications. He employed a consulting psychologist, psychiatrist, and neurologist, all of whom opined that Ms. Saleem was addicted to her medications. The ALJ apparently[2] concluded that although Ms. Saleem was addicted to her prescription painkillers and anti-anxiety medications, her addiction did not prevent her from performing substantial gainful employment.

Initially, we note that the evidence supports the ALJ's determination that although Ms. Saleem suffered from substance abuse, her addiction did not meet the criteria for "substance addiction disorder" contained in 20 C.F.R. § 404, Subpt. P, App. 1, § 12.09. In

_____

[2]     The ALJ's decision is less than ideally clear on this point. He expressed some doubt about whether Ms. Saleem was addicted but apparently concluded that she was. The medical evidence clearly demonstrated Ms. Saleem's addiction, and a conclusion that Ms. Saleem was not addicted to her medications would not have been supported by substantial evidence.

-4-

order to meet the required severity for listing 12.09, a claimant must satisfy at least one of the factors listed in section 12.09(A-I). Ms. Saleem's only claim to satisfy one of these requirements lies with her "hysterical personality disorder" diagnosed by Dr. Gordon, the consulting psychologist. See section 12.09(D).

Substantial evidence supports the ALJ's conclusion that Ms. Saleem does not meet the requirements for a personality disorder under listing 12.08. Assuming (as the ALJ did) that "hysterical personality disorder" meets the "Part A" criteria of listing 12.08, the ALJ correctly found that it fails to meet the severity criteria of 12.08(B).

Ms. Saleem's addiction, however, is relevant to her complaint of disabling pain. She testified at the 1992 hearing that her pain keeps her from sleeping, requires her to curtail her daily activities and to spend most of the day in bed, and has made her dependent on her prescription medications. The ALJ evaluated Ms. Saleem's allegations of pain using the criteria set forth in Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987), and concluded that her allegations were not credible.

In rejecting Ms. Saleem's allegations of disabling pain, the ALJ relied on the statement of Dr. Andelman, her treating physician, that Ms. Saleem's pain is under control by medication. In evaluating her pain, however, the ALJ was required to consider the side effects of Ms. Saleem's use of this medication. See id. The ALJ noted the consultants' findings that she was addicted to her medications, but gave short shrift to their strongly-

expressed concerns about the addiction.   He concentrated instead on findings that the side effects of the medications themselves would not prevent Ms. Saleem from working.

The ALJ ignored Dr. Andelman's statement that Ms. Saleem suffers from severe pain without her medications, id. at 388, and Ms. Saleem's statement that she cannot function without them, id. at 168.   He did not analyze Dr. Goldman's statement that Ms. Saleem should not be on these medications and that she needs psychiatric treatment for her substance addiction and her pain syndrome,  id. at 142, or Dr. Goodman's statements that further evaluation of her use of these medications was needed, and that their harm might outweigh the benefit she received from them, id. at 397.   The net result of the ALJ's decision is that Ms. Saleem is to return to work, addicted, because her drug abuse will keep her from feeling severe pain.

It is Congressional policy that the social security laws not be applied to perpetuate drug addiction.  See 142 Cong. Rec. S3114-02, S3119 (daily ed. Mar. 28, 1996)(statement of Sen. Roth).  This policy is reflected in decisions of the Eighth Circuit that a claimant is not considered free from disabling pain because he does not take medications to which he fears becoming addicted,  see Dover v. Bowen, 784 F.2d 335, 337 (8th Cir. 1986), and of the Seventh Circuit that a claimant need not take medications to which he has a reasonable fear of becoming addicted, even if such medications could relieve his pain and make him able to work. See Dray v. Railroad Retirement Bd., 10 F.3d 1306, 1313 (7th Cir. 1993); Stith v. U.S. Railroad Retirement Bd., 902 F.2d 1284, 1287 (7th Cir. 1990).  We now hold that the

converse also is true: the ALJ cannot discredit a claimant's assertions of disabling pain by relying on her use of medicines to which the medical evidence clearly indicates she is addicted, and which she should have long ago stopped taking, but which presently provide adequate pain relief. Dr. Andelman's statement, on which the ALJ relied,[3] that Ms. Saleem's pain is "<u>effectively</u> controlled by medicines," Appellant's App. Vol. II at 52 (emphasis added), is clearly unsupported by the medical evidence; addiction is not "effective control" of pain.[4]

On remand, the Secretary may again decide that Ms. Saleem's allegations of disabling pain are not credible. However, he must provide legitimate reasons for this conclusion. We therefore REVERSE and REMAND this case to the district court with instructions to further remand it to the Secretary for the limited purpose of properly evaluating Ms. Saleem's

---

[3]   The ALJ quoted Dr. Andelman's statement in the concluding paragraph of his pain analysis. We cannot determine how much weight he gave to the statement. He did cite other reasons why he believed Ms. Saleem was not credible. However, most of these other reasons rest on observations and/or test results which were obtained while Ms. Saleem was medicated. The ALJ did not provide a sufficiently supported rationale for rejecting Ms. Saleem's allegations of pain even if she stopped taking the medication to which she is addicted, or if she were taking some other medication. The only statement in the record on that point apparently is Dr. Andelman's opinion that her pain would be severe, absent the medication.

[4]   The ALJ also made another finding in support of his pain analysis which lacks substantial evidence. He determined that Ms. Saleem had "no anatomical problem based on normal myelogram, CT scan, and EMG reports in the file." Appellant's App. Vol. II at 51. This assessment ignores the statements of Dr. Bowler, Ms. Saleem's treating physician. He diagnosed Ms. Saleem with a left L5, S1 radiculopathy based upon the EMG. <u>Id.</u> at 311. Statements to the contrary by a consulting neurologist, <u>see id.</u> at 141, do not excuse the ALJ from either accepting, or supplying a proper reason for rejecting, Dr. Bowler's diagnosis. See <u>Reyes v. Brown</u>, 845 F.2d 242, 244-45 (10th Cir. 1988).

complaint of disabling pain, and to determine whether her pain, properly considered in conjunction with her other impairments, both exertional and nonexertional, allows her to perform substantial gainful employment. We further encourage the Secretary to expedite her resolution of this seven-year-old claim.