UNITED STATES COURT OF APPEALS

**Filed 1/24/97**

FOR THE TENTH CIRCUIT

CHARLES R. FOX,

Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,

Defendant-Appellee.

No. 96-7068
(D.C. No. CV-95-255-B)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Charles R. Fox (claimant) appeals the district court's decision upholding the Commissioner's denial of disability benefits and supplemental security income. Claimant alleged that he had been disabled, since April 1, 1989, from the residual effects of three back surgeries. The administrative law judge (ALJ) determined, at step five of the applicable analysis, 20 C.F.R. §§ 404.1520, 416.920, that, although claimant could not perform his past relevant work as a truck driver, he remained capable of performing other work existing in the national economy. The Appeals Council denied review, making the ALJ's determination the Commissioner's final decision.

This court reviews the Commissioner's decision only to insure that the record contains substantial evidence supporting her factual findings and that she applied the law correctly. Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995). At step five, the Commissioner bears the burden of establishing that there is work existing in the national economy that claimant remains capable of performing. Saleem v. Chater, 86 F.3d 176, 178 (10th Cir. 1996).

Claimant argues that, in discrediting his complaints of disabling pain, the ALJ failed to consider his inability to afford medical treatment and his fear of addiction to prescription pain medication as justifications for not seeking further treatment. In addition, claimant asserts that the ALJ should have contacted his treating and consulting physicians concerning his ability to perform the sitting

requirements of sedentary work. We need not address any of these arguments, however, because claimant failed to raise these specific issues in his objections to the magistrate judge's recommendation. Soliz v. Chater, 82 F.3d 373, 375-76 (10th Cir. 1996). Further, the ALJ's analysis of claimant's complaints of disabling pain was otherwise adequate. See Kepler v. Chater, 68 F.3d 387, 390-91 (10th Cir. 1995) (discussing proper analysis of complaints of disabling pain).

We also need not address the issue of whether the ALJ erred by determining that claimant could perform a full range of sedentary work and denying claimant benefits based upon the application of the medical-vocational guidelines, see 20 C.F.R. Pt. 404, Subpt. P, App. 2, because the ALJ also relied upon the testimony of the vocational expert (VE) to deny benefits. While claimant further argues that the ALJ's reliance on the VE's testimony was misplaced because the questions eliciting that testimony did not reflect all of claimant's limitations, review of the record indicates that the ALJ's questions to the VE included all the limitations the ALJ found to be credible. See Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). There is no reason apparent from this record for this court not to defer to the ALJ's credibility determination. See Kepler, 68 F.3d at 391 (discussing appellate review of ALJ's credibility determination).

The judgment of the United States District Court for the Eastern District of Oklahoma is, therefore, AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge