**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 1 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MABLE DIANNE TROBAUGH,

Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner of Social Security,[*]

Defendant-Appellee.

No. 96-7117
(D.C. No. 95-CV-527-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before ANDERSON, LOGAN, and EBEL, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

[*]     John J. Callahan, Acting Commissioner of the Social Security
Adminstration, is substituted for the former commissioner, Shirley S. Chater. See
Fed. R. App. P. 43(c).

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's affirmance of the Commissioner's denial of supplemental security income benefits. Plaintiff asserted that she had been disabled, since January 1, 1994, due to her mild mental retardation, in addition to chronic vertigo, hypertension, anxiety, and chest pain caused by a hiatal hernia. The administrative law judge (ALJ) determined, at step five of the applicable five-step analysis, see 20 C.F.R. § 416.920, that plaintiff remained capable of performing unskilled work, at all exertional levels, and that such work existed in significant numbers in the national economy. The Appeals Council denied review, making the ALJ's determination the final decision of the Commissioner.

This court reviews the Commissioner's decision only to insure that the record contains substantial evidence supporting his factual findings and that he applied the law correctly. See Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995). At step five, the Commissioner bears the burden of establishing that there is work existing in the national economy that plaintiff remains capable of performing. See Saleem v. Chater, 86 F.3d 176, 178 (10th Cir. 1996).

On appeal, plaintiff argues 1) the ALJ erred, at step three, in determining that plaintiff did not meet the listing for disability due to mental retardation, see 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C); 2) the record does not contain substantial evidence to support the ALJ's determination that plaintiff could

perform unskilled work; and, 3) the record does not contain substantial evidence that plaintiff could perform a significant number of jobs existing in the national economy because the vocational expert's testimony, upon which the ALJ relied, was based on an inaccurate hypothetical question.  Upon consideration of the record and the parties' arguments, we affirm the denial of benefits.

Section 12.05(C) requires that a claimant establish that she has an IQ between 60 and 70, and "a physical or other mental impairment imposing additional and significant work-related limitations of function."  See also Ellison v. Sullivan, 929 F.2d 534, 536 (10th Cir. 1990).  While plaintiff meets the first prong of § 12.05(C), the ALJ found that plaintiff does not "have any restriction in her daily activity secondary to a physical . . . impairment."  II Appellant's App. at 13; see, e.g., Warren v. Shalala, 29 F.3d 1287, 1290-91 (8th Cir. 1994) (for purposes of § 12.05(C), a significant limitation is one that has more than a slight or minimal effect on claimant's ability to perform basic work).  The record contains substantial evidence supporting this finding.

The record also contains substantial evidence supporting the ALJ's determination that plaintiff remains capable of performing unskilled work at all exertional levels.  Further, the hypothetical question posed to the vocational expert (VE), eliciting the testimony upon which the ALJ relied to deny benefits, accurately included all of the impairments from which the ALJ found plaintiff

-3-

suffered.  The VE's testimony, therefore, provided substantial evidence supporting the ALJ's denial of benefits.  See, e.g., Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996).

The judgment of the United States District Court for the Eastern District of Oklahoma is, therefore, AFFIRMED.


Entered for the Court


Stephen H. Anderson
Circuit Judge