**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 31 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JANET E. SNEAD,

      Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner of Social Security,*

      Defendant-Appellee.

No. 96-5216
(D.C. No. 95-CV-645-M)
(N.D. Okla.)

ORDER AND JUDGMENT**

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from an order of the magistrate judge[1] that affirms the decision of the Commissioner of Social Security to deny her social security disability and supplemental income benefits. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and reverse and remand for additional proceedings.

Plaintiff was born in 1953. She claims she became disabled on October 15, 1992, due to pain in her lower back, right hip, right shoulder, and left wrist; anxiety and depression; edema; and shortness of breath, chest pain, and congestive heart failure. Her applications were denied initially and upon reconsideration.

After a hearing in November 1994, an administrative law judge (ALJ) also denied benefits. The ALJ decided at step four of the evaluation process that plaintiff retained the capacity to perform light work and could therefore return to her past job as a self-service gas station attendant. See R. Vol. II at 21 (findings 5-7); see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-step evaluation process). Alternatively, the ALJ stated that

---

[1] The parties consented to proceed before the magistrate judge for final disposition. See 28 U.S.C. § 636(c)(1).

plaintiff could do other work.[2]  Accordingly, the ALJ concluded that plaintiff was not disabled.  The Appeals Council denied review, making the ALJ's decision the agency's final decision.

Plaintiff challenged the ALJ's decision by filing suit in district court, and the magistrate judge determined that the ALJ erred at step four.  He recognized that the ALJ did not adequately develop the record, as he did not ask plaintiff about the demands of her past work as a self-service gas station attendant or compare those demands with her residual functional capacity (RFC) before deciding that she could still perform this job.  See R. Vol. I at 8 (citing Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360-61 (10th Cir. 1993), and Social Security Ruling 82-62).  He also noted that these errors would ordinarily constitute reasons to reverse and remand for additional proceedings.  The magistrate judge decided that the errors were harmless in this case, however, because the ALJ had elicited sufficient vocational testimony to support a decision of "not disabled" at step five.

---

[2]     The ALJ made no specific reference to step five in his decision, nor did he include a step-five finding in his list of enumerated findings.  The ALJ merely stated that the vocational expert testified that plaintiff could perform assembly and hand packaging jobs, and was therefore not disabled even if she could not return to her past relevant work.  See R. Vol. II at 19-20.  It is overly generous to refer to this statement as a "finding."

On appeal, plaintiff argues that: (1) the ALJ failed to adequately develop the record concerning the demands of her past work or perform the function-by-function comparison of those demands to her RFC on the record as required by law; (2) the ALJ did not properly evaluate her subjective complaints of pain, anxiety, and depression in light of the record as a whole, and based his pain and credibility determinations on mistaken observations from the medical record; (3) the record does not support the ALJ's finding at step five that plaintiff can work, because the hypothetical posed to the vocational expert (VE) did not include all of her limitations; and (4) the ALJ improperly evaluated her mental impairment by not linking his conclusions on the Psychiatric Review Technique (PRT) form to the evidence he believed supported them.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. See Miller v. Chater, 99 F.3d 972, 975-76 (10th Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation and citation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). We may not reweigh the evidence or substitute our judgment for that of the Secretary. See

Kelley v. Chater, 62 F.3d 335, 337 (10th Cir. 1995). At step four, claimant bears the burden to show that she cannot return to her past relevant work. See Henrie, 13 F.3d at 360.

We agree with the magistrate judge that the ALJ did not adequately develop the record with respect to the demands of plaintiff's past relevant work as a self-service gas station attendant. See Henrie, 13 F.3d at 360-61 (citing 20 C.F.R. § 404.1520(e) and S.S.R. 82-62). He also should have compared this job's demands with plaintiff's capabilities and made appropriate findings on the record before concluding that she can still perform this job. See id. We disagree that these errors are harmless, however, because the ALJ made other errors that affect the validity of the evidence elicited from the VE.

As plaintiff claims, the ALJ also did not properly evaluate her subjective allegations of pain, anxiety, and depression in light of the record as a whole, and based his pain and credibility determinations on mistaken observations from the medical record. An ALJ should ordinarily consider a variety of factors when determining the credibility of pain testimony. See Thompson v. Sullivan, 987 F.2d 1482, 1489 (10th Cir. 1993) (discussing factors enumerated in Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991), and Huston v. Bowen, 838 F.2d 1125, 1132 & n.7 (10th Cir. 1988)); see also 20 C.F.R. §§ 404.1529(c)(3). Although the ALJ recited a list of factors, he did not discuss how the evidence

related to any of them. This omission was error under our case law, and is now rejected by the agency's own ruling as well:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

S.S.R. 96-7p, 1996 WL 374186, at *2.

Moreover, the ALJ misread the record as it relates to plaintiff's claims of pain, anxiety, and depression. She testified that pain limited her ability to walk, lift weight, sit, and stand. The ALJ found that her allegations of pain were only credible to the extent they did not conflict with an ability to perform light work. See R. Vol. II at 16. This finding is not supported by substantial evidence. In addition, the ALJ's finding that plaintiff takes only over-the-counter medication for pain which does not interfere with her ability to work is not supported by substantial evidence.

The record shows that in September 1994, shortly before her disability hearing, plaintiff was taking ten to sixteen Tylenol per day for pain. See id. at 185. She testified that she stopped taking prescription drugs after attempting suicide with them in March 1994, because she realized she was addicted to these

-6-

drugs. See id. at 38. The ALJ did not ask plaintiff any questions about her attempts to relieve pain after she stopped taking prescription drugs, however, and she did not testify that she found relief in over-the-counter medication. On the contrary, she testified that she was in "excruciating pain." See id. at 50.

Looking further, the notes of plaintiff's treating physician, Dr. Guy Reed, D.O., show that between October 1991 and March 1994 (Dr. Reed retired in April 1994), plaintiff was repeatedly and frequently prescribed the narcotics Vicodin or Vicodin ES for pain, and Soma or Flexeril to relax painful muscle spasms. See id. at 135-51; see also Physician's Desk Reference at 1404-06, 1701-03, 2782-83. There is no indication in Dr. Reed's notes that he ever found prescription pain medication to be unnecessary because plaintiff's pain lessened. Indeed, Dr. Reed's notes do not indicate whether the medication he prescribed was even effective in relieving plaintiff's pain. The ALJ's statement that Dr. Reed's office notes do not support plaintiff's allegations of pain is therefore simply incorrect, and is an insufficient basis to reject plaintiff's allegations of disabling pain.

Moreover, even if prescription medication would relieve plaintiff's pain, she is not required to take medication to which she reasonably fears becoming addicted in order to work. See Saleem v. Chater, 86 F.3d 176, 179 (10th Cir. 1996). And even if her fear of addiction is unreasonable, the ALJ should investigate the other side effects of this medication before deciding it would

enable plaintiff to work. Plaintiff testified that she was "in a fog" and "didn't know what [she] was doing half the time" when she was taking prescription drugs for pain and depression. See R. Vol. II at 39-40. "Pain, even if not disabling, is still a nonexertional impairment to be taken into consideration, unless there is substantial evidence for the ALJ to find that the claimant's pain is insignificant." Thompson, 987 F.2d at 1490-91. As indicated above, there is no substantial evidence to support the ALJ's finding that plaintiff's pain did not interfere with her ability to do light work.

Likewise, the ALJ's implied finding that plaintiff's depression is insignificant is not supported by substantial evidence. The ALJ noted that plaintiff attempted suicide in March 1994, and was later diagnosed with moderate depression by the agency's consulting psychiatrist, Dr. Donald R. Inbody. See R. Vol. II at 14. Plaintiff testified that she discontinued treatment for her depression shortly after her suicide attempt because she could not afford it. See id. at 38. Inability to pay may justify failure to seek treatment. See Thompson, 987 F.2d at 1489-90. Although Dr. Inbody did not see signs of clinical anxiety or depression during his examination, see R. Vol. II at 173, the ALJ was still required to evaluate the effect of plaintiff's moderate depression on her ability to work. The ALJ's conclusion that plaintiff's depression is insignificant is not "closely and affirmatively linked to substantial evidence," as required by law.

-8-

<u>Winfrey v. Chater</u>, 92 F.3d 1017, 1020 (10th Cir. 1996) (quoting <u>Huston</u>, 838 F.2d at 1133).

The ALJ noted plaintiff's claim that she feels anxious and nervous all the time, but did not otherwise discuss her anxiety or explain why he did not include it in the hypothetical questions presented to the VE.  The ALJ's implied finding that plaintiff's anxiety is not significant requires an explanation, as Dr. Reed's office notes show that he repeatedly prescribed Valium or Xanax, alternatively, for plaintiff's anxiety, and other drugs to help her sleep.  <u>See also</u> Physician's Desk Reference at 2115-19, 2334-37.  Although it appears that plaintiff may have taken herself off these drugs because she was addicted to them, <u>see</u> R. Vol. II at 38, there is no indication in Dr. Reed's office notes that these drugs were unnecessary because her anxiety lessened, and plaintiff testified at her hearing that she felt nervous and shaky all the time, <u>see</u> <u>id.</u> at 47.

Our review of Dr. Reed's office notes persuades us that the ALJ should not have given controlling weight to Dr. Reed's conclusory opinion (offered before plaintiff's suicide attempt) that she was restricted only from heavy lifting, and was not limited in her ability to sit, stand, walk, speak, travel, or perform mental activities.  <u>See</u> <u>id.</u> at 14, 17, 134.  An ALJ should give a treating physician's opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

-9-

substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2).

Dr. Reed's brief opinion that plaintiff can work is not only not supported by any medical evidence, but contradicts his lengthy history of plaintiff's frequent visits to his office, which resulted in frequent and repeated prescriptions for a number of addictive drugs. Compare R. Vol. II at 134 with id. at 135-51.

These mistakes fatally infected the one hypothetical question presented to the VE that generated a response to support a finding of nondisability. When the VE testified that plaintiff can perform light or sedentary work, it was based on a hypothetical assuming that plaintiff is not limited by pain, anxiety, or depression. See id. at 56-57. The ALJ also did not include plaintiff's edema, shortness of breath, or chest pain in this hypothetical, without explaining why he omitted these alleged impairments. "'[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision.'" Hargis, 945 F.2d at 1492 (quoting Ekeland v. Bowen, 899 F.2d 719, 722 (8th Cir. 1990)). Because the ALJ's analysis of plaintiff's subjective complaints of pain, anxiety, and depression was flawed, and because he omitted alleged impairments without explanation, the resulting hypothetical question was also flawed. The VE's response that plaintiff can return to her past light work or do other, sedentary work is therefore not substantial evidence, and supports neither the finding that

plaintiff can return to her past light work as a self-service gas station attendant, nor the statement that plaintiff can do other, sedentary work that exists in the national economy.[3] The other existing vocational evidence supports plaintiff's claim that she is disabled.

The ALJ also improperly evaluated plaintiff's alleged mental impairment. The ALJ is required to follow the procedure in 20 C.F.R. § 404.1520a and procure appropriate documentation--a PRT form. See Winfrey, 92 F.3d at 1024. "'[I]f the ALJ prepares the form himself, he must "discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form."'" Id. at 1024 (quoting Cruse v. United States Dep't of Health & Human Servs., 49 F.3d 614, 617 (10th Cir. 1995) (quoting Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994))). Although the ALJ recited his conclusions, he did not discuss how the evidence supported them. This was error.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the case is REMANDED with instructions to REMAND to the agency for additional proceedings consistent with this order and judgment.

_____

[3]    Although plaintiff did not challenge the ALJ's reference to step five in the district court, we will address the issue. Because the ALJ made no express findings at step five, the magistrate judge should not have proceeded to step five in his decision upholding the denial of benefits. We note also that the government does not argue that plaintiff waived any issues on appeal.

Entered for the Court


Michael R. Murphy
Circuit Judge