**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 9 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BLAINE A. ADAMS,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,[*]

      Defendant-Appellee.

No. 97-5140
(D.C. No. 96-CV-395-J)
(N.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
Shirley S. Chater, former Commissioner of Social Security, as the defendant in
this action.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Claimant Blaine A. Adams appeals from an order of the magistrate judge[1] affirming the denial of disability benefits at step five of the disability determination.  See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining the five-step analysis set out in 20 C.F.R. § 404.1520).  After reviewing the record to determine whether substantial evidence supports the decision of the Commissioner of Social Security and whether correct legal standards were applied, this court affirms.  See Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

## BACKGROUND

Mr. Adams, who is presently thirty-seven years old, has not worked since he sustained an on-the-job injury to his left wrist in the summer of 1991.  The medical records document multiple surgeries performed on his wrist and show that he has no range of motion in the wrist, reduced thumb movement, decreased grip strength, and hand pain.  An examining physician concluded that, post-surgery, Mr. Adams has a 33% permanent partial impairment to the hand.  The records reflect the opinions of both treating and examining physicians that

---

[1]     The parties consented to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

-2-

Mr. Adams may no longer do heavy work (as required in his former positions of machine operator, custodian, yard worker, and laundry worker) and their recommendations of retraining for lighter work.

At the hearing before the Administrative Law Judge (ALJ), Mr. Adams testified about other problems relating to his disability, such as restrictions on walking, sitting, standing, and reaching, due to knee surgery and the use of his hip as a graft donor site for the wrist surgery. He also described severe hand and hip pain. In response to the ALJ's hypothetical questions, a vocational expert (VE) testified about positions available for an individual who could do unskilled light work, limited by the absence of range of motion in the left wrist, lack of grip strength, restricted use of the left wrist and arm, the need to shift position to alleviate pain, and restricted walking and climbing. According to the VE, the hypothetical individual could work as a cashier or parking-lot attendant.

In his written decision, the ALJ evaluated the evidence and found that Mr. Adams has the residual functional capacity (RFC) to do light work, reduced by the same restrictions presented in the hypothetical questions to the VE. Although this RFC precluded Mr. Adams from performing his past relevant work, the ALJ found, relying primarily on the testimony of the VE, that Mr. Adams could perform a significant number of jobs in the national economy. He concluded, therefore, that Mr. Adams is not disabled.

DISCUSSION

The essence of Mr. Adams' first contention on appeal is that the RFC assessment does not include his claimed pain and other manipulative limitations. The ALJ properly considered Mr. Adams' testimony in light of the objective evidence; determined that Mr. Adams experienced chronic, but not disabling, pain; and then took this pain into account in determining Mr. Adams' RFC. See Kepler v. Chater, 68 F.3d 387, 390-91 (10th Cir. 1995) (discussing proper consideration of complaints of disabling pain); Thompson v. Sullivan, 987 F.2d 1482, 1490-91 (10th Cir. 1993) (requiring consideration of nondisabling pain in RFC determination). The ALJ could have been more explicit in describing Mr. Adams' documented manipulative restrictions. The limitations included in the assessment, however, are comprehensive enough to encompass his reduced thumb motion and difficulties with repetitive manipulative tasks.

Mr. Adams also asserts that the VE's identification of alternative jobs should be discounted because the testimony (1) relates to the allegedly flawed RFC determination and (2) conflicts with job data in the Dictionary of Occupational Titles (DOT). See United States Dept. of Labor, Employment & Training Admin., Dictionary of Occupational Titles (4th ed. 1991). As noted above, the hypothetical questions correspond with the RFC assessment, which this court has found acceptable. An ALJ's hypothetical questions to a VE need not

include a claimant's unsubstantiated complaints. See Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995).

Equally unavailing is Mr. Adams' argument concerning a contradiction between the VE's testimony about the positions of cashier and parking-lot attendant and dexterity requirements purportedly in the DOT. As the magistrate judge observed, other courts of appeal have disagreed on the relative weight to be given to the DOT and contradictory testimony of a VE,[2] and this court has not specifically addressed the issue.[3] The record in this case presents no reason to resolve the issue. Counsel did not come forward with data from a published

---

[2]    Compare Porch v. Chater, 115 F.3d 567, 572 (8th Cir. 1997) ("When expert testimony conflicts with the DOT, and the DOT classifications are not rebutted, the DOT controls.") with Johnson v. Shalala, 60 F.3d 1428, 1436 (9th Cir. 1995) ("It was . . .proper for the ALJ to rely on expert testimony to find that the claimant could perform the two types of jobs the expert identified, regardless of their [DOT] classification."), and Conn v. Secretary of Health & Human Serv., 51 F.3d 607, 610 (6th Cir. 1995) ("[T]he ALJ was within his rights to rely solely on the VE's testimony. The social security regulations do not require the Secretary or the expert to rely on [DOT] classifications.").

[3]    On appeal, counsel for Mr. Adams acknowledges that this court has not had occasion to resolve the issue. See Appellant's Brief at 20 ("The law is [sic] in this circuit is unclear as to [sic] degree an ALJ is permitted to rely on vocational expert testimony which contradicts the DOT."). We note, with disapproval, his lack of candor in the district court, in which he suggested that the law is so well-established that citation to supporting authority would be redundant. See Plaintiff's Memorandum Brief at 2.

source until he sought judicial review. Even in this court, he has not properly submitted or identified his proffered information.[4]

At step five, the Commissioner bears the burden of establishing that claimant can perform work existing in the national economy. See Saleem v. Chater, 86 F.3d 176, 178 (10th Cir.1996). The regulations authorize two alternative avenues of proof. See Gay v. Sullivan, 986 F.2d 1336, 1340 (10th Cir. 1993). The ALJ may take administrative notice of job information in the DOT and other governmental sources, see 20 C.F.R. § 404.1566(d), or use the services of a VE for the "complex issue" of determining whether the claimant's work skills "can be used in other work and the specific occupations in which they can be used," 20 C.F.R. § 404.1566(e). Although it is the ALJ who decides whether to employ the services of a VE, see id., "nothing prevent[s] counsel from challenging the expert's figures and conclusions with data available from other,

---

[4]    The assertion that the DOT requires average finger and manual dexterity to perform the cashier and parking-lot positions is a misstatement. The DOT does not list these aptitudes. See DOT, Vol. I, at 183 (cashier); id., Vol. II, at 929 (parking-lot attendant). Another publication of the United States Department of Labor, Employment & Training Administration, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (1993), includes the physical demand components of frequent fingering and handling, but does not refer to aptitudes. See id. at 333 (cashier), 365 (parking-lot attendant). Mr. Adams has attached materials to his brief without requesting supplementation of the record or indicating whether the materials are part of the district court record. We note that these materials, which do discuss dexterity, appear to be print-outs from a private database service.

administratively noticed publications, which is a recognized means of discrediting expert vocational testimony," <u>Gay v. Sullivan</u>, 986 F.2d at 1340 n.2.

During Mr. Adams' hearing, at which he was represented by experienced counsel, the ALJ exercised his option to call a VE. The ALJ established the expert's education and experience, probed for bias, and received testimony responsive to his hypothetical questions. On cross-examination, Mr. Adams' counsel questioned the expert at length, but did not raise the issue of dexterity requirements. Moreover, counsel did not request administrative notice of contradictory data, before, during, or after the hearing. Under these circumstances, our assessment of the reliability of the expert's figures and conclusions "is effectively foreclosed." <u>Id.</u>

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge