UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CATHERINE W. SAWYER,
Plaintiff-Appellant,

v.

No. 98-1520

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Terrence W. Boyle, Chief District Judge.
(CA-97-7-2-BO)

Submitted: October 27, 1998

Decided: December 2, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Branch W. Vincent, III, LAW OFFICES OF RUSSELL E. TWI-
FORD, Elizabeth City, North Carolina, for Appellant. Janice McKen-
zie Cole, United States Attorney, Anne M. Hayes, Assistant United
States Attorney, Barbara D. Kocher, Assistant United States Attorney,
Kelly Raynetta Thompson, Third-Year Law Student, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Catherine W. Sawyer filed an application for disability insurance benefits and Supplemental Security Income in September 1994, alleging disability as of January 1990. Both applications were denied initially and upon reconsideration. A hearing was held in November 1995, at which time the Administrative Law Judge ("ALJ") denied the application, and the Appeals Council affirmed. The ALJ's decision then became the Secretary's final decision. Sawyer then filed a complaint in district court challenging the final decision of the Secretary. The district court affirmed the Secretary's decision and Sawyer appealed.

We review the Secretary's final decision to determine whether it is supported by substantial evidence and whether the correct law was applied. See 42 U.S.C.A. § 405(g) (West Supp. 1998); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Sawyer asserts that substantial evidence does not support the ALJ's finding that there are a significant number of jobs in the national economy that Sawyer could perform.

The evidence establishes that Sawyer suffered an on-the-job injury to her upper extremity in 1987 and was diagnosed as having radial tunnel syndrome, lateral epicondylitis, and deQuervain's disease in the right arm. In October 1990, Dr. Robert A. Nash referred Sawyer to physical therapy and, in March 1991, Dr. Nash concluded that Sawyer could work four hours a day at job retraining--three hours while seated and one hour while standing. Dr. Nash also noted that Sawyer could squat and do other similar body movements but could not lift anything over ten pounds. Dr. Pat F. Aulicino concluded that Sawyer could engage in sedentary work.

At the hearing, Sawyer complained of pain but stated that she could vacuum, scrub the floor on her knees, wash clothes, cut grass, visit

2

neighbors, and shop. Also, a vocational expert ("VE") testified, after examining the evidence and being asked a hypothetical question that included a profile of Sawyer's functional capacity, that there were a significant number of jobs in the national economy which she could perform.

Sawyer asserts, however, that under the job descriptions found in the Dictionary of Occupational Titles ("DOT"), she does not have the residual functional capacity to perform the jobs listed by the VE. Because the DOT's job descriptions differ from the VE's, Sawyer asserts that the ALJ erroneously concluded that jobs existed within the national economy that she could perform. However, social security regulations do not require that the Secretary or the VE rely on classifications in the DOT. See Conn v. Secretary of Health & Human Servs., 51 F.3d 607, 610 (6th Cir. 1995); 20 C.F.R. § 404.1566(d) (1998). Thus, we find the Secretary's decision supported by substantial evidence and based on correct legal standards.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED