NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1241n.06

No. 12-3028

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 29, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MERLIN MALONE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| COMMISSIONER OF SOCIAL SECURITY, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| Defendant-Appellee. | ) | DISTRICT OF OHIO |

Before: MARTIN, SILER, and DONALD, Circuit Judges.

PER CURIAM. Merlin Malone appeals a district court judgment that affirmed the denial of his application for supplemental security income benefits. *See* 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291 and now affirm.

Malone alleged that he became disabled in 2006 due to pain in his back, legs, and arms. An administrative law judge (ALJ) conducted a hearing and found that Malone had the following severe impairments: "arthritis involving left knee and lumbar spine, status post left scapula fracture, diminished vision, status post injuries to arms, right wrist, pelvis, and left leg." The ALJ found that these impairments were not equivalent to any of the impairments that are listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. The ALJ found that Malone had not engaged in any past relevant work. However, the ALJ analyzed Malone's residual functional capacity and determined that he had the ability to perform a limited range of light work. Thus, the ALJ relied on the testimony of a

vocational expert to find that Malone was not disabled because he could perform a significant number of light and sedentary jobs in the economy.

The ALJ's opinion became the final decision of the Commissioner when the Appeals Council declined further review. Malone filed a complaint seeking judicial review. The district court adopted a magistrate judge's recommendation and affirmed the Commissioner's decision on November 10, 2011. Malone now appeals.

We review de novo the district court's conclusion that the ALJ's decision is supported by substantial evidence. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). "[W]e do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Instead, we consider the ALJ's decision determinative if there is such relevant evidence as a reasonable mind might accept as sufficient to support the ALJ's conclusion." *Id.* (citation and internal quotation marks omitted).

Malone now argues that the ALJ erred by failing to make specific findings on the issue of whether his impairments were equivalent to one of the impairments that is listed in Appendix 1 of the regulations. He apparently argues that the ALJ should have made a specific finding on the issue of whether his musculoskeletal impairments were equivalent to the impairments that are described in Listing 1.02 of the Appendix.

Malone had the burden of showing that his impairments were equal or equivalent to a listed impairment. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). To meet that burden Malone was required to point to medical signs and laboratory findings that are at least equal to a listed impairment in duration and severity. *See id.* "For a claimant to show that his impairment matches

a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Malone did not argue that he had a listed impairment at his administrative hearing, even though he was represented by counsel at that time. Nevertheless, the ALJ expressly found that Malone did not have an impairment or combination of impairments that was equal or equivalent to any of the impairments that are described in Appendix 1. This finding is supported by substantial evidence including a report from Dr. Kathryn Drew and other evidence in the record which indicates that Malone is able to perform a limited range of light work. *See Conn v. Sec'y of Health & Human Servs.*, 51 F.3d 607, 609 (6th Cir. 1995); *Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987). "[T]he ALJ's findings of fact should not be disturbed unless we are persuaded that his findings are legally insufficient." *Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986). Malone has not met that burden here.

Malone also argues that the ALJ failed to consider the severity of his impairments in combination, as prescribed by 20 C.F.R. § 416.920(c). However, the ALJ specifically recognized his responsibility to determine whether Malone had a severe impairment or combination of impairments, and whether Malone had an impairment or combination of impairments that were equivalent to an impairment that is listed in Appendix 1. Malone's argument is also unpersuasive because the ALJ considered all of the symptoms that were consistent with the medical evidence in determining his residual functional capacity. *See Loy v. Sec'y of Health & Human Servs.*, 901 F.2d

1306, 1310 (6th Cir. 1990); *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 591–92 (6th Cir. 1987).

Malone next argues that the ALJ gave insufficient reasons for discounting his allegations of disabling pain. However, the ALJ's decision shows that he properly considered the record and Malone's daily activities before making his credibility finding. *See Felisky v. Bowen*, 35 F.3d 1027, 1037–38 (6th Cir. 1994). The ALJ specifically reasoned that Malone's credibility was undermined by his testimony which indicated that he could lift at least twenty pounds and engage in other activities that require a considerable ability to stand, walk, and use his hands.

A claimant's testimony may be discounted if it is contradicted by the medical reports and other evidence in the record. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004). While the medical evidence indicates that Malone does have severe impairments as noted by the ALJ, it does not specifically support Malone's testimony regarding the extent of his limitations. Indeed, there is evidence to support the ALJ's finding that Malone was able to perform a limited range of light work. Hence, there is substantial evidence to support the ALJ's finding that he was not fully credible. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009); *Warner*, 375 F.3d at 392.

The ALJ posed a hypothetical question to the vocational expert to determine the number of jobs that might be available to Malone despite his impairments. The assumptions in the ALJ's question were consistent with the evidence in the record. In response, the vocational expert identified a significant number of light and sedentary jobs that would be available to the hypothetical claimant. This response satisfied the Commissioner's burden of showing that a significant number

of jobs were available to Malone despite his impairments. *See Harmon v. Apfel*, 168 F.3d 289, 291–92 (6th Cir. 1999). Thus, there was substantial evidence to support the Commissioner's ultimate determination that Malone was not entitled to supplemental security income benefits.

Accordingly, the district court's judgment is affirmed.