**Lois BEAN, Plaintiff–Appellant,**

v.

**Shirley S. CHATER, Commissioner of
Social Security,\* Defendant–
Appellee.**

No. 95–1037.

United States Court of Appeals,
Tenth Circuit.

Dec. 7, 1995.

---

\* Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103–296. Pursuant to Fed.R.App.P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

Stephen A. Flynn, of Pikes Peak Legal Services, of Colorado Springs, Colorado, for appellant.

Richard A. Kaufman, Assistant U.S. Attorney, and Henry L. Solano, U.S. Attorney, of Denver, Colorado, Frank V. Smith, Acting Chief Counsel, Region VIII and Deana R. Ertl–Lombardi, Assistant Regional Counsel, Social Security Administration, Denver, Colorado, for appellee.

Before BRISCOE and LOGAN, Circuit Judges, and THOMPSON,** District Judge.

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Lois Bean appeals from a judgment upholding defendant the Secretary of Health and Human Services' decision denying plaintiff's application for supplemental security income (SSI). Plaintiff contends the Secretary was biased against poor persons who have not established a satisfactory work history, that her findings concerning plaintiff's credibility are not supported by substantial evidence, and that the Secretary

erred in rejecting the opinion of plaintiff's treating physician. We reject these contentions and affirm.

Plaintiff applied for SSI on April 28, 1992, claiming she had been disabled since 1984 [1] due to a back injury. Her claim was denied initially and on reconsideration.

At an evidentiary hearing, the following evidence was presented. Plaintiff was thirty-three years' old and had a GED. She last worked in 1981 as a label shipper, but quit because she could not find a baby-sitter. She alleged disabling pain in her back, arms, hands, and head that requires she lie down about four times a day for an hour to an hour and a half. She takes three Advil and three Tylenol to relieve the pain. Her pain had become much worse since she fell and hit her head in January 1992. However, her problems began in 1985 when she was in a car accident. Plaintiff and her witnesses testified that her daily activities are extremely limited and that she is in pain. A vocational expert (VE) testified that there are no jobs a hypothetical person with the limitations described by plaintiff could perform. However, a person with the limitations found in the residual functional capacity (RFC) form completed for plaintiff could perform plaintiff's past work as well as the sedentary jobs of animal shelter clerk, order clerk, and police aid.

The administrative law judge (ALJ) made the following findings: 1) plaintiff had not engaged in substantial gainful activity since she filed her application; 2) she suffers from chronic neck pain and complaints of low back pain, but does not have a listed impairment or equivalent thereto; 3) plaintiff's statements and the testimony of her witnesses as to the severity of her pain are not credible and were exaggerated for the sole purpose of establishing that she is disabled for securing benefits; 4) plaintiff has the RFC to perform work-related activities involving occasionally lifting and carrying twenty pounds, frequently lifting and carrying ten pounds, standing and/or walking two hours in an eight-hour

---

** Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

1. Although plaintiff's application claimed her disability began in 1984, the medical records indicate the car accident that allegedly caused her disability occurred on January 5, 1985.

work day, and sitting six hours in an eight-hour work day; 5) plaintiff's past relevant work as label shipper did not require the performance of activities precluded by the above limitations; 6) plaintiff's impairments do not prevent her from performing her past relevant work as label shipper; and 7) plaintiff was not under a disability at any time through the date of the decision. The Appeals Council concluded there was no basis for granting review. Consequently, the ALJ's decision stood as the final decision of the Secretary. The district court affirmed.

We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence and whether she applied correct legal standards. *Andrade v. Secretary of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quotation omitted).

Plaintiff first contends the ALJ was biased against poor persons who have not established a satisfactory work history. She bases this contention on the ALJ's comments that plaintiff "has a very poor work record," her "work history is not a factor in her favor," and "she indicated her daughter had turned eighteen, and the Welfare people advised her to file for supplemental security income benefits." Appellant's App. at 29.

The ALJ made these comments in assessing the credibility of plaintiff's subjective complaints of disabling pain. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995).

Social Security Ruling 88–13 (West's Soc.Sec.Rptg.Serv.Rulings 1983–91 (1992), at 655) requires ALJs to "investigate all avenues presented that relate to subjective complaints" of disabling pain, and lists a number of factors that should be considered. One factor is the claimant's prior work record. *Id.* Thus, the ALJ did not err in considering

that plaintiff quit working several years before the alleged onset of her disability. Nor did he place undue emphasis on this factor, but considered it as one of several factors bearing on plaintiff's credibility. He considered that although plaintiff claimed her disability began in 1985 after an accident, hospital records show she responded to therapy at that time and did not seek treatment for complaints of neck and/or back pain in 1986 and 1987, and that although she claimed she exacerbated her back and neck pain in a fall in January 1992, she did not seek medical treatment for the resulting injuries until April 1992. He also considered her use of medications and daily activities. We conclude the ALJ properly considered plaintiff's work history and did not exhibit bias against her.

Plaintiff also claims the ALJ improperly evaluated her credibility by relying on inconsistencies in her report of daily activities that did not, in fact, exist. The ALJ noted plaintiff testified that she needed to lie down frequently throughout the day for extended periods. However, she had not made such claims early in the application process. Further, early in the process she described her daily activities as including cooking, dusting, doing laundry, grocery shopping, driving, and watching television. However, as her claim progressed, she alleged significant restrictions until, by the time of the hearing, she required assistance with bathing and all housework chores and was no longer able to go grocery shopping or engage in any social activities. We have compared plaintiff's testimony to the July 1, 1992, report of contact, and conclude the record supports the ALJ's observation.

The next contention is that the ALJ improperly found plaintiff had not complained of back pain before a 1988 examination for social services. Plaintiff points to a November 23, 1987, report from her treating physician, Dr. Higgins, indicating she was given medication for back pain that day.

We agree the ALJ erred when he observed that plaintiff was not treated for complaints of back pain in 1987. However, the ALJ's observation was to illustrate that, although

plaintiff claimed disability since 1985, she was not treated for it until several years later. Whether that treatment first occurred in November 1987 or two months later on January 22, 1988, would not alter the ALJ's essential point: that plaintiff's medical records are not consistent with her claim that she became disabled in 1985. We see no reversible error.

■ Plaintiff contends the ALJ's assumption that she manufactured her disability claim in 1992 because her welfare benefits were about to run out is contradicted by her medical records showing she started complaining of disabling pain as early as 1987. The ALJ did not find that plaintiff had experienced no pain before 1992, but rather that her claims of disabling pain were exaggerated to obtain benefits. The fact that the first record of plaintiff complaining of disabling back pain coincided with an examination for social services for the purpose of obtaining benefits supports the ALJ's assumption that plaintiff exaggerated her symptoms to obtain benefits. We conclude plaintiff has not presented any grounds for overturning the ALJ's credibility determination.

■ Plaintiff contends the ALJ erred in rejecting the December 1, 1992, opinion of her treating physician, Dr. Higgins, that she suffers severe limitations in her ability to stand, walk, stoop, bend, lift, carry, and climb stairs. An ALJ is required to give controlling weight to a treating physician's opinion about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, and any physical or mental restrictions, if "it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record." *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir.1994).

The ALJ's only comment about Dr. Higgins' opinion was that it was generic and did not accurately assess plaintiff's true functional capabilities. We agree. "Severe limitations" does not indicate exactly what plaintiff can do in relation to the physical exertional requirements of sedentary, light, moderate, or heavy work. *See* 20 C.F.R. § 416.967. Even Dr. Higgins recognized as much, rec-

ommending that plaintiff obtain a functional capacity evaluation to more objectively delineate her restrictions. Consequently, we find no error in the ALJ's treatment of Dr. Higgins' opinion.

■ Plaintiff also claims the ALJ's finding that she has no memory or concentration deficit is not supported by substantial evidence. Plaintiff testified that she did not think she had trouble concentrating, and only sometimes had trouble remembering things. Appellant's App. at 59. Dr. Higgins stated that plaintiff had memory disturbances, but did not describe the severity. We conclude the ALJ's finding that this evidence was not strong enough to suggest plaintiff had disabling memory or concentration problems is supported by substantial evidence.

■ Finally, plaintiff argues the VE's testimony that she could perform her past relevant work or other sedentary work cannot be relied upon because the hypothetical question to the VE did not relate with precision all of her impairments. The hypothetical question should include all—and only—those impairments borne out by the evidentiary record. *Evans v. Chater,* 55 F.3d 530, 532 (10th Cir.1995). The VE relied on the limitations found by the ALJ, which are reflected in the RFC assessment form. The ALJ was not required to accept the answer to a hypothetical question that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record. *See id.* We conclude the ALJ did not err in relying on the VE's testimony.

The judgment of the district court is AFFIRMED.