UNITED STATES COURT OF APPEALS
**Filed 5/17/96**
FOR THE TENTH CIRCUIT

TULLY B. MOORE,

      Plaintiff-Appellant,

v.

SHIRLEY CHATER, Commissioner,
Social Security Administration,[*]

      Defendant-Appellee.

No. 95-2185
(D.C. No. CIV-93-1383-LH)
(D. N.M.)

ORDER AND JUDGMENT[**]

Before PORFILIO, JONES,[***] and TACHA, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Tully B. Moore (claimant) appeals from the district court's decision affirming the Secretary's denial of disability benefits and supplemental security income. Following a hearing, the administrative law judge (ALJ) determined, at step five of the applicable five-step sequential analysis, see 20 C.F.R. §§ 404.1520, 416.920, that, although claimant could not return to his past relevant work as a truck driver and heavy equipment operator, he remained capable of performing other work existing in the national economy. The Appeals Council denied review, making the ALJ's determination the final decision of the Secretary.

This court will review the Secretary's decision to insure that there is substantial evidence to support the factual findings and that the Secretary applied the law correctly. Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995). On appeal, claimant argues that the transcript of the hearing before the ALJ was insufficient, the ALJ's decision was not supported by substantial evidence, and the Secretary failed to prove that claimant was capable of performing jobs existing in significant numbers in the national economy.

Any asserted defect in the transcript of the hearing before the ALJ, however, was cured by the availability, on appeal, of the audiotapes from which the transcript was made.

Further, the existence of several inaudible gaps has not rendered the ALJ's decision unreviewable.

The Secretary established, through the testimony of the vocational expert (VE), that claimant remained capable of performing jobs existing in significant numbers in the national economy. See Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). Substantial evidence supported the ALJ's factual findings underlying the VE's testimony. See id.

The judgment of the United States District Court for the District of New Mexico is, therefore, AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge

3