UNITED STATES COURT OF APPEALS
**Filed 9/17/96**
FOR THE TENTH CIRCUIT

LAVEDA SHARP,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

      Defendant-Appellee.

No. 95-6397
(D.C. No. CIV-93-671-L)
(W.D. Okla.)

ORDER AND JUDGMENT[**]

Before BRORBY, BARRETT, and EBEL, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral

---

[*] Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. In the text, however, we continue to refer to the Secretary because she was the appropriate party at the time of the underlying administrative decision.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant LaVeda Sharp (claimant) appeals from the district court's affirmance of the Secretary's denial of supplemental security income. Claimant asserts that she has been disabled since suffering work-related injuries to her back, neck and right shoulder in September 1987.  Following a hearing, the administrative law judge (ALJ) determined, at step four of the applicable five-step sequential analysis, 20 C.F.R. § 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988), that claimant remained capable of performing her past work as a waitress and a sewing machine operator.  The Appeals Council denied review, making the ALJ's determination the final decision of the Secretary.

This court reviews the Secretary's decision to insure that there is substantial evidence supporting the factual findings and that the Secretary correctly applied the law.  Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995). On appeal, claimant specifically argues that the Secretary erred in determining that claimant retained the residual functional capacity to perform her past relevant work.  See generally Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993)(claimant bears burden of establishing that she cannot return to her past relevant work).

Upon careful review, however, we determine that the record does contain substantial evidence supporting the ALJ's finding that claimant could still perform her past work. In reaching this decision, the ALJ properly considered claimant's subjective complaints of disabling pain. See Kepler v. Chater, 68 F.3d 387, 390-91 (10th Cir. 1995)(discussing proper consideration of complaints of disabling pain). Further, there is no reason apparent from this record for this court not to defer to the ALJ's credibility determinations. See, e.g.,Winfrey v. Chater, No. 95-7139, 1996 WL 444144, at * 2 (10th Cir. Aug. 7, 1996).

Because the record contains substantial evidence supporting the Secretary's factual findings and because we find no legal error, we AFFIRM the denial of benefits.

Entered for the Court


David M. Ebel
Circuit Judge