**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 20 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CHESTER F. YOUNG,

      Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner of Social Security
Administration,[*]

      Defendant-Appellee.

No. 97-5082
(D.C. No. 95-CV-1115-E)
(N.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner of Social Security, is substituted for former Commissioner Shirley S. Chater as the defendant in this action.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's decision upholding the Commissioner's denial of disability benefits. Plaintiff alleged that he has been disabled since January 10, 1992, due to high blood pressure, arthritis in his back, elbows and hands, headaches and nose bleeds. On appeal, he also asserts that he suffers from "lightheadedness," blackouts and constant ringing in his ears. See Appellant's Br. at 3. The administrative law judge (ALJ) determined, at step five of the applicable analysis, see 20 C.F.R. § 404.1520, that plaintiff retained the residual functional capacity to do a full range of medium work. Applying the medical-vocational guidelines (grids), see 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 203.15, the ALJ determined that plaintiff was not disabled. The Appeals Council denied review, making the ALJ's determination the Commissioner's final decision.

This court reviews the Commissioner's decision to determine only that he applied the law correctly and that the record contains substantial evidence to support the decision. See Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995). On appeal, plaintiff argues that the record lacks substantial evidence to support the denial of benefits, the ALJ erred in applying the grids in light of plaintiff's nonexertional impairments, and the ALJ failed to afford sufficient weight to the Veterans' Administration's disability determination.

Disability determinations made by other administrative agencies, such as the Veterans' Administration, however, are not binding on the Commissioner. See Musgrave v. Sullivan, 966 F.2d 1371, 1375 (10th Cir. 1992). Further, the record supports the ALJ's determination that plaintiff's complaints of nonexertional limitations, including pain and fainting spells, were not credible. See Winfrey v. Chater, 92 F.3d 1017, 1020 (10th Cir. 1996) (appellate court defers to ALJ's credibility determinations when supported by substantial evidence). Application of the grids, therefore, was appropriate. See Glass v. Shalala, 43 F.3d 1392, 1396 (10th Cir. 1994) (proper for ALJ to rely upon grids, where substantial evidence supported finding that nonexertional impairments did not affect residual functional capacity); see also Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993). The record contains substantial evidence supporting the denial of disability benefits.

The judgment of the United States District Court for the Northern District of Oklahoma is, therefore, AFFIRMED.

Entered for the Court


James E. Barrett
Senior Circuit Judge

-3-