**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 4 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LINDA L. HAYMAN,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

      Defendant-Appellee.

No. 97-5165
(D.C. No. 95-CV-1239-M)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **KELLY**, **BARRETT**, and **HENRY**, Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]      Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of the Social Security
Administration, as the defendant in this action.

[**]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's decision upholding the Commissioner's denial of her application for disability benefits. She asserts that she has been disabled since July 1988 as a result of pain and functional limitations stemming from her back problems. The administrative law judge (ALJ) determined, at step four of the applicable five-step sequential analysis, see 20 C.F.R. § 404.1520, that plaintiff remained capable of performing her past relevant sedentary office work. The Appeals Council, after considering additional evidence, denied review, making the ALJ's decision the Commissioner's final determination.

This court reviews the Commissioner's decision to determine only whether he applied the law correctly and that the record contains substantial evidence to support the decision. See Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995). At step four, the burden is on plaintiff to establish that she cannot perform her past relevant work. See Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).

Plaintiff argues that the record does not contain substantial evidence supporting the ALJ's decision and that the ALJ improperly discounted plaintiff's complaints of disabling pain. Upon consideration of the record and the parties'

arguments on appeal, we agree, reverse the Commissioner's denial and remand for an award of benefits.

The record establishes the following: After suffering a work-related injury in July 1988, plaintiff was diagnosed as suffering from degenerative disc disease at multiple levels. An MRI, in August 1988, confirmed disc degeneration from the L2 level through the S1 level and, additionally, showed a moderate bulge in the disc at L4-L5, with no definite herniation, and smaller bulges at L2-L3, L3-L4, and L5-S1. A 1989 MRI further indicated a slight increase in the bulge seen at L2-L3 and significant disc degeneration. Following twenty-one months of unsuccessful conservative treatment, which had been insufficient to permit plaintiff to "seek gainful employment," II Appellant's App. at 240, plaintiff underwent surgery to remove disc protrusions at L3-L4 and L4-L5.

The surgeon, Dr. Hawkins, did not expect that this surgery would totally eradicate plaintiff's pain, nor did he consider plaintiff an "ideal candidate" for any specific treatment, in light of the fact that it was not clear which of the multiple-level bulges was responsible for plaintiff's symptoms. Dr. Hawkins warned plaintiff that unsuccessful surgery would result in the continuation of pain and problems and that, even with excellent surgical results, she would still suffer pain and discomfort.

Initially, plaintiff's condition improved after the surgery. Less than one and one-half months later, however, plaintiff again developed increased and constant back pain and discomfort in her left leg. Another MRI, in 1992, showed, at L2-L3, degeneration and a prominent bulge, more noticeable than earlier; at L3-L4, possible scar tissue, loss of disc space consistent with degeneration, and no real change since 1988, despite the interim surgery; at L4-L5, a prominent disc bulge, again without change since 1988 despite the interim surgery; and at L5-S1, moderate narrowing of the spinal canal and neural forimina bilaterally.

In making a step-four determination that a claimant can still perform past relevant work, the ALJ must first determine the claimant's residual functional capacity (RFC). See Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). In this case, the ALJ found that plaintiff remained capable of performing sedentary work, defined as work involving lifting no more than ten pounds and primarily involving sitting, although a certain amount of walking and standing may also be required, see 20 C.F.R. § 404.1567(a). Sedentary jobs generally require six hours of sitting in an eight-hour work day. See Ragland v. Shalala, 992 F.2d 1056, 1058 (10th Cir. 1993). Further, a claimant must be able to perform these requisite physical activities on a full time basis. See Sisco v. United States Dep't of Health & Human Servs., 10 F.3d 739, 745 (10th Cir. 1993); see also, e.g., Smolen v.

Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). The record does not contain substantial evidence supporting the ALJ's finding that plaintiff retained the exertional ability to perform sedentary work on a full time basis.

The record establishes the following regarding plaintiff's exertional limitations: Eight months after her surgery, Dr. Hawkins indicated that plaintiff remained disabled from her regular, medium exertional work and, although he checked the box on the form indicating that she was not disabled from all occupations, he wrote directly above this entry, and again later in the report, that plaintiff was in too much pain to work. One month later, Dr. Hawkins indicated that plaintiff could only occasionally lift or carry up to ten pounds, could sit, stand or walk for only two hours a day, with rest, and could alternate sitting and standing for only four hours a day. Dr. Hawkins indicated that plaintiff could return to work at that time, but only on a part-time, four-hour-a-day basis.

In July 1991, Dr. Cate, a chiropractor to whom Dr. Hawkins referred plaintiff for treatment, advised plaintiff to lift no more than ten pounds and to avoid prolonged sitting or standing. Although a chiropractor is not an accepted medical source under the Commissioner's regulations, see 20 C.F.R. § 404.1513(a), a chiropractor may provide information concerning how a claimant's impairment affects her ability to do work, see 20 C.F.R. § 404.1513(e).

In May 1992, Dr. Cate indicated to plaintiff's disability insurer that she presents pain with prolonged sitting or standing. He opined that she was temporarily totally disabled for an indefinite time and that any work remained out of the question. In November 1992, Dr. Cate indicated that plaintiff could occasionally bend and lift or carry twenty pounds, could sit for one hour, stand or walk for two hours, and alternate sitting and standing for three hours. Again, Dr. Cate noted that plaintiff could not return to work, except on a part-time, four-hour-per-day basis. In several 1993 reports, Dr. Cate again indicated that claimant was disabled from all occupations, that her prognosis was only poor to fair, and that he did not expect her to recover completely.

In September 1992, plaintiff sought a second opinion on the condition of her back from Dr. Benner, a neurosurgeon. Dr. Benner noted that, although plaintiff derived some benefit from the chiropractic treatments she was receiving, those treatments had not been sufficient to permit her to return to work status. After examining plaintiff and performing a myelogram, he opined that plaintiff's condition was permanent, but that he saw no "reason why [she] should not go on to some useful position" which would not involve any lifting, twisting or rotational movements or prolonged sitting or squatting. II Appellant's App. at 254. Because Dr. Benner did not think plaintiff could perform any lifting, his opinion does not support a finding that she could perform sedentary work.

-6-

In 1994, the Commissioner's consulting physician indicated that claimant possessed sufficient RFC to perform sedentary work "based upon what the patient has subjectively told me." The consultant's report, however, is inconsistent with the medical evidence and is, in any event, not entitled to as much weight as the opinions of plaintiff's treating physicians, see Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995).

In light of this record, there is not substantial evidence to support the ALJ's finding that plaintiff could still perform sedentary work. In addition, the ALJ also improperly discounted plaintiff's complaints of disabling pain.

Because plaintiff asserted an impairment that could reasonably be expected to produce the disabling pain of which she complains, the ALJ was required to determine whether he believed plaintiff's assertion of severe pain, in light of all the relevant objective and subjective evidence. See, e.g., Winfrey, 92 F.3d at 1020. Although this credibility determination is peculiarly within the province of the ALJ, it must be supported by substantial evidence. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

Our review of the record indicates that the ALJ's reasons for discounting plaintiff's complaints of disabling pain were not supported by substantial evidence. In addition, the ALJ failed to consider relevant factors that were supported by substantial evidence. See Winfrey, 92 F.3d at 1021. See generally

Kepler, 68 F.3d at 391 (addressing factors relevant to consideration of claimant's pain complaints). The record establishes plaintiff's frequent and extensive attempts to seek relief from her pain, and the imposition of significant restrictions on her daily activities due to her pain. Further, her complaints of disabling pain are consistent with the medical evidence, and her treating physicians have corroborated these complaints.

The record, therefore, does not contain substantial evidence supporting the ALJ's finding that plaintiff possesses sufficient RFC to perform her past relevant sedentary work. In fact, overwhelming evidence, including the well-supported opinions of her treating physicians, which are entitled to controlling weight, see Bean, 77 F.3d at 1214, indicate that plaintiff cannot perform any sedentary work on a full time basis. We, therefore, REVERSE the district court's affirmance of the Commissioner's decision and REMAND to the district court with instructions to remand to the Commissioner for an immediate award of benefits. See Sisco, 10 F.3d at 745-46.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-8-