**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SARAH REYNOLDS,

       Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,    *

       Defendant-Appellee.

No. 97-6398
(D.C. No. 96-CV-1680)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** **

---

Before **BRORBY, McKAY,** and **BRISCOE** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*      Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

\*\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's decision upholding the Commissioner's denial of her 1992 application for disability and supplemental security income benefits.  The Commissioner subsequently awarded plaintiff benefits as a result of a 1994 application, finding her disabled because of depression.  The administrative law judge (ALJ) determined, however, that, during the time frame relevant to the 1992 application, plaintiff remained capable of performing her past relevant work.  The Appeals Council declined to review this step-four determination, making the ALJ's decision the Commissioner's final determination.

This court reviews the Commissioner's decision only to determine whether he applied correct legal standards and whether substantial evidence supported the decision.  See Bean v. Chater , 77 F.3d 1210, 1213 (10th Cir. 1995).  At step four, plaintiff bears the burden of establishing that she can no longer perform any of her past relevant work.  See Thompson v. Sullivan , 987 F.2d 1482, 1487 (10th Cir. 1993).  On appeal, plaintiff argues that the record does not contain substantial evidence to support the Commissioner's decision, and the ALJ failed to afford the appropriate weight to the treating physicians' opinions and overlooked an earlier, subsequently vacated administrative decision finding

plaintiff disabled.  Upon consideration of the record and the parties' appellate arguments, we affirm.

The record contains a number of medical opinions, proffered by both treating and consulting physicians and other treating sources.  These opinions offer a variety of different diagnoses of plaintiff's mental problems and note varying degrees of resulting impairment.  It is the ALJ's province, as fact finder, to decide the appropriate weight to be given such contradictory medical evidence. Cf. Kemp v. Bowen , 816 F.2d 1469, 1476 (10th Cir. 1987) (noting it is fact finder's responsibility to resolve genuine conflicts between opinion of treating physician and other contrary evidence).  In doing so here, the ALJ afforded the proper deference to the opinions of plaintiff's treating physicians.  Although there are contradictory medical reports, the record does contain substantial evidence supporting the ALJ's decision denying benefits.     See Glenn v. Shalala , 21 F.3d 983, 987-88 (10th Cir. 1994) (despite existence of evidence contrary to ALJ's finding, appellate court must affirm if, "considering the record as a whole, including whatever fairly detracts from the findings, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion" (citation, further quotation omitted)).  Further, in light of the fact that the Appeals Council vacated the earlier administrative decision finding plaintiff disabled

because that decision contained "no rationale or basis to support" its conclusion, II R. at 352, that decision offers no support for plaintiff's disability claim.

The judgment of the United States District Court for the Western District of Oklahoma upholding the Commissioner's denial of benefits is, therefore, AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge