F I L E D
United States Court of Appeals
Tenth Circuit

FEB 8 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

FRED J. UHLMANSIEK,

        Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

        Defendant-Appellee.

No. 98-2150
(D.C. No. CIV-97-556-JP/LCS)
(D. N.M.)

ORDER AND JUDGMENT [*]

Before **ANDERSON** , **KELLY** , and **LUCERO** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's affirmance of the Commissioner's denial of disability benefits. Plaintiff alleged that he has been disabled since December 15, 1985, as the result of the residual effects of surgical and radiation treatment for maxillary sinus cancer. The administrative law judge (ALJ) determined, at step four of the applicable analysis, that plaintiff remained capable of performing his past relevant real estate work through the date his insured status expired, June 30, 1989. The Appeals Council denied review, making the ALJ's determination the Commissioner's final decision.

This court reviews the Commissioner's decision only to determine whether he applied the law correctly and whether the record contains substantial evidence to support the decision. See Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995). At step four, the claimant has the burden of establishing that he cannot perform his past relevant work. See Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).

On appeal, plaintiff argues that his real estate work should not be considered past relevant work, and that the ALJ failed to perform a proper step four analysis. Upon consideration of the record and the parties' appellate arguments, we affirm.

The ALJ properly deemed plaintiff's real estate work, occurring in 1984 and 1985, past relevant work. See 20 C.F.R. § 404.1465(a) (relevant work

experience must be substantial gainful activity); id. § 404.1575 (discussing relevant factors for determining whether self-employed individual has engaged in substantial gainful activity, noting that income alone is not determinative). The ALJ's decision clearly refers only to plaintiff's real estate work in 1990-92, following his cancer treatment, as less than substantial gainful activity.

Further, the ALJ did properly perform a step four analysis, see Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996), and the record contains substantial evidence to support the denial of benefits.

The judgment of the United States District Court for the District of New Mexico is, therefore, AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge