**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BILLY G. RYLE,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 00-7041
(D.C. No. 99-CV-65-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **KELLY** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Billy G. Ryle appeals from the district court's order affirming the Commissioner's determination that he is not entitled to Social Security disability benefits. After "closely examin[ing] the record as a whole to determine whether the [Commissioner's] decision is supported by substantial evidence and adheres to applicable legal standards," Evans v. Chater , 55 F.3d 530, 531 (10th Cir. 1995), we affirm.

Mr. Ryle alleged disability as of November 16, 1993, due to osteoarthritis in his right ankle, painful cysts in his wrist, back pain, attention deficit disorder, and depression. The administrative law judge (ALJ) found that Mr. Ryle could not return to his old job of meatcutter, but he could perform certain sedentary jobs existing in significant numbers in the regional and national economy. Therefore, the ALJ determined that Mr. Ryle was not disabled at step five of the evaluation process. See Williams v. Bowen , 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the five-step process). On appeal, Mr. Ryle argues that the record lacks substantial evidence to support (1) the finding that his claimed impairment did not meet or equal a listed impairment at step three; and (2) the evaluation of his residual functional capacity (RFC) at step four.

Concerning the first issue, Mr. Ryle asserts that he is presumptively disabled at step three of the evaluative process because his impairment meets or equals the criteria of Listing 1.03, concerning " *[a]rthritis of a major*

*weight-bearing joint (due to any cause)* ." It is Mr. Ryle's burden to show that he meets the listing criteria.     See <u>Nielson v. Sullivan</u>, 992 F.2d 1118, 1120 (10th Cir. 1993).

Listing 1.03 requires a "history of persistent joint pain and stiffness with signs of marked limitation of motion or abnormal motion of the affected joint on current physical examination," along with more specific showings under subsections 1.03A or B. Unquestionably, Mr. Ryle has met the threshold showing. The issue is whether he meets or equals the subsection requirements.

Mr. Ryle first argues that he meets Listing 1.03B, which requires a showing of "[r]econstructive surgery or surgical arthodesis of a major weight-bearing joint and return to full weight-bearing status did not occur, or is not expected to occur, within 12 months of onset." Surgical arthodesis was performed on his ankle in September 1996, approximately three years after the alleged onset date and one month after the hearing before the ALJ. [1] Mr. Ryle contends he satisfied the listing requirements because he did not have full weight-bearing status from his alleged onset date through his arthodesis--a period of more than twelve months. The Commissioner, however, asserts that the failure to achieve weight-bearing status must follow, not precede, the surgical procedure.

---

[1]     Surgical arthodesis was also performed in 1980, after which Mr. Ryle returned to work for over a decade. This procedure is irrelevant to our analysis.

-3-

This court "give[s] substantial deference to an agency's interpretation and application of its own regulations." See S. Valley Health Care Ctr. v. Health Care Fin. Admin. , 223 F.3d 1221, 1223 (10th Cir. 2000). "We will only reject an agency's interpretation if it is unreasonable, plainly erroneous, or inconsistent with the regulation's plain meaning." Bar MK Ranches v. Yuetter , 994 F.2d 735, 738 (10th Cir. 1993). Here, we cannot say that the Commissioner's interpretation of Listing 1.03B is unreasonable. The listing's reference to a " *return* to full weight-bearing status" demonstrates an intent to require a causal connection between the surgical procedure and weight-bearing status. Listing 1.03B (emphasis added). Accordingly, Mr. Ryle has failed to show that his impairment meets Listing 1.03B.

Alternatively, Mr. Ryle asserts that his impairment is equal in severity to Listing 1.03A. He claims that, except for the fact that his affected joint is an ankle, he has shown the listing's requirement of "[g]ross anatomical deformity of hip or knee (e.g. subluxation, contracture, bony or fibrous ankylosis, instability) supported by X-ray evidence of either significant joint space narrowing or significant bony destruction and markedly limiting ability to walk and stand." Listing 1.03A.

A showing that an impairment is medically equivalent to a listed impairment must be based solely on medical evidence. See Kemp v. Bowen ,

816 F.2d 1469, 1473 (10th Cir. 1987) (citing 20 C.F.R. § 404.1526). Here, there is no such evidence demonstrating that Mr. Ryle's problem with his ankle is medically equivalent to a similar problem with a hip or knee. Mr. Ryle cannot qualify for benefits at step three under an equivalence theory.

The ALJ performed an adequate analysis of Mr. Ryle's claimed impairments under the terms of the applicable listings. Accordingly, we conclude that substantial evidence supports the ALJ's conclusion that Mr. Ryle's ankle impairment does not meet or equal the requirements for presumptive disability.

Next, Mr. Ryle challenges the ALJ's determination that he had the RFC to perform sedentary jobs that do not require repetitive pushing or pulling of leg controls with the right leg; repetitive overhead reaching; exposure to unprotected heights; balancing; more than occasional stooping, crouching, bending, or climbing stairs; or work that would not allow him to alternately sit or stand every hour. He maintains that the ALJ's RFC finding does not take into account his poor writing skills, attention deficit disorder (ADD), and mild dysthmic disorder (depression). As we have explained,

> the ALJ must assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis. If the ALJ concludes that the claimant cannot perform any of his past work with his remaining RFC, the ALJ bears the burden at step five to show that there are jobs in the regional or national economies that the claimant can perform with the limitations the ALJ has found him to have. It is not the claimant's burden to produce or

develop vocational evidence at step five. At step five, the burden is on the agency to show that claimant retains the RFC to perform work that exists in the national economy.

Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999) (quotations and citations omitted).

The record, however, demonstrates that the ALJ considered the evidence on the claimed limitations. Concerning the claimed mental limitations, the ALJ noted that Mr. Ryle's IQ was within the average range of intellectual functioning, and observed that Mr. Ryle had not sought treatment for depression or ADD since December 1993. After evaluating the evidence, the ALJ determined that the alleged limitations were mild and without effect on Mr. Ryle's ability to perform work-related activities.

Additionally, Mr. Ryle asserts that the RFC assessment failed to give proper weight to his treating physician's check-mark agreement to the statement that his "use of hands for repetitive movement to include grasping [was] limited." R., Vol. II at 250. An ALJ is required to give substantial weight to a treating physician's opinion as long as "it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record." Bean v. Chater, 77 F.3d 1210, 1214 (10th Cir. 1995) (quotation omitted).

Here, the ALJ discussed the medical evidence and testimony with regard to Mr. Ryle's wrist. The medical records uniformly describe degenerative changes, cysts, and pain, but also document full range of motion, no swelling, and no clinical evidence of carpal tunnel syndrome. The treating physician's brief notation is therefore inconsistent with the other evidence in the record. Additionally, Mr. Ryle testified that, on a scale from one to ten, his wrist pain was only a two. After properly evaluating and weighing the evidence, the ALJ concluded that Mr. Ryle's wrist problems were mild, and like his ADD and depression, would not affect his performance of work-related activities. Accordingly, Mr. Ryle's further arguments, based on the vocational expert's responses to hypothetical questions involving a person limited to occasional repetitive hand motion, are irrelevant to his disability determination.

Because substantial evidence supports the ALJ's RFC assessment and his determination that Mr. Ryle's impairments did not meet or equal a listed impairment, the judgment of the district court is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge