**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 10 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CONNIE H. DUNCAN,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-7089
(D.C. No. CV-97-305-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **BARRETT** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Connie H. Duncan appeals from the district court's order adopting the recommendation of the magistrate judge affirming the Commissioner of Social Security's denial of her applications for Social Security disability insurance and supplemental security income benefits. Claimant, a forty-five-year-old woman with a high school education and two years of nursing school, claimed disability from April 7, 1990, due to degenerative disc disease and uncorrected left eye blindness. [1]

Claimant filed applications for benefits in September 1992, which were denied initially and on reconsideration. She requested and received a hearing before an administrative law judge (ALJ). After hearing testimony from claimant and a vocational expert, the ALJ determined that claimant was unable to return to her past relevant work as a registered nurse. The ALJ found at step five of the five-step evaluation sequence, *see Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988), that claimant retained the residual functional capacity to perform the full range of light work except for lifting or carrying more than twenty pounds occasionally and ten pounds frequently; being able to stand or sit for prolonged

---

[1]     Even though claimant listed left eye blindness as an impairment to be considered in her applications for benefits, she told the ALJ at the hearing that it was her right eye, not the left, the problem had existed since childhood, the problem was corrected with glasses, and the problem only had been listed on the applications at the suggestion of the social security employee helping her with her applications.

periods without shifting position; and begin able to engage in more than occasional stooping, crouching, and bending. The Appeals Council denied claimant's request for review, and the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. Claimant appealed the ALJ's decision, and the district court upheld the ALJ's decision. This appeal followed.

Our review of the Commissioner's decision is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. *See Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988). We may neither reweigh the evidence nor substitute our judgment for that of the Commissioner. *See id.*

On appeal, claimant asserts that the ALJ erred (1) in assessing her residual functional capacity and credibility; (2) in failing to develop the record as to her mental impairments; and (3) in failing to ask the vocational expert a proper hypothetical question. We conclude that the record contains substantial evidence

supporting the ALJ's denial of benefits in this case, and we affirm the district court's decision.

In September 1988, claimant fell from a sidewalk, landing on her buttocks. Two months later, she was hospitalized by Dr. Rick L. Robbins complaining of lower back pain radiating down her left hip and leg. X-rays taken at that time revealed a possible herniation of the disc at L4-L5 with no other abnormalities. Her CT scan showed no sign of a ruptured disc. Claimant was treated with traction, a 1200-calorie diet, and medication. She was released four days later much improved.

Claimant was subsequently hospitalized by Dr. Robbins in April 1990, with acute lumbar strain resulting from an automobile accident in March 1990. She was again treated with traction and medication. A CT of her lumbar spine taken at that time showed "a distinct possibility of recurrent left perimedian disc herniation." Appellant's App. Vol. II at 232. At the time of her discharge, she expressed a desire to be treated with conservative therapy instead of surgery, and Dr. Robbins ordered medication, hot packs, no driving, no lifting over twenty pounds, and no working until released to do so. The record does not indicate that Dr. Robbins continued to treat claimant following her discharge from the hospital.

In October 1992, claimant was examined by Dr. Mark Wellington of the Oklahoma Department of Human Services for the purpose of evaluating her level

of disability due to back pain. Dr. Wellington diagnosed claimant with lumbar degenerative disc disease. He recommended an MRI and a rheumatoid evaluation. Dr. Wellington noted that claimant was not taking her anti-inflammatory medications.

In June 1994, Dr. B. Don Schumpert of Heavener Medical Services opined in a short letter that claimant was precluded from "work requiring lifting, bending and things of this nature." *Id.* at 243. Although Dr. Schumpert's letter stated that claimant was a patient on June 15, 1994, his opinion as to claimant's limitations was not supported by any medical or clinical evidence.

On June 22, 1994, claimant was seen by Dr. Robert C. Williams at Holt Krock Clinic, who diagnosed claimant with low back pain "probably secondary to lumbar disc disease." *Id.* at 246. Dr. Williams prescribed Xanax for rest, Lodine for back pain, and referred her to neurosurgery. On November 17, 1994, Dr. Williams opined in a short letter that claimant's "chronic low back pain with history of lumbar disc disease" rendered her unable to work or seek employment at that time. *Id.* at 255. On April 24, 1995, Dr. Williams wrote a second two-sentence letter which stated that he had treated claimant for "low back pain with probable lumbar disc disease, anxiety, and chronic joint pain, which may be mild arthritis," and included a recent diagnosis of hypertension. *Id.* at 256. On August 4, 1995, Dr. Williams opined that claimant's condition had not changed over the

past year, and he did not expect it to do so. *See id.* at 263. The record contains no medical or clinical evidence supporting Dr. Williams' conclusions. [2]

On referral from Dr. Williams, claimant was examined by Dr. Timothy R. Best, who also diagnosed chronic back pain secondary to lumbar disc disease. Dr. Best opined that claimant's excess weight was exacerbating her back pain and recommended a weight loss. He also recommended that she receive steroid injections and a referral to a pain clinic. On October 11, 1995, Dr. Williams indicated that he referred claimant to the Holt Krock Clinic Neurosurgery. The record, however, does not indicate the outcome, if any, of that referral.

Claimant broadly asserts that the ALJ's determination that claimant was capable of a full range of light work except for certain limitations was not supported by substantial evidence. More specifically, she argues that the ALJ erred in finding her assertions of pain incredible, in disregarding the opinions of her treating physicians, and in assessing the medical evidence.

In analyzing evidence of allegedly disabling pain,

---

[2] "An ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996). Here, counsel for claimant did not indicate during the hearing that any additional medical records were available. Moreover, claimant does not argue on appeal that the ALJ failed in his duty to develop the record as to available medical records. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994).

[w]e must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Musgrave v. Sullivan*, 966 F.2d 1371, 1375-76 (10th Cir. 1992). Here, the ALJ determined that although claimant established a pain-producing impairment linked to her subjective allegations of pain, she failed to establish that her pain was disabling. The ALJ found her claims of pain to be credible only to the extent that they were consistent with her ability to do light work with limitations. The ALJ found that claimant, the single parent of two young children, drives, does her own housework and shopping, and visits and helps her elderly mother daily. The ALJ noted that claimant did not use a cane or other aide for walking, chose conservative treatment rather than surgical intervention for her back problem, and although she complained that certain of her medications make her drowsy, she did not allege that the side effects outweigh the benefits. *See Luna v. Bowen*, 834 F.2d 161, 165-66 (10th Cir. 1987) (listing factors to be considered by ALJ in evaluating claimant's subjective complaints of pain).

Because credibility determinations are better made by the fact finder, we will not interfere with the ALJ's credibility determination unless such determination is without substantial evidentiary support. *See Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). Here, contrary to

-7-

claimant's assertions, the ALJ adequately articulated his reasons for his credibility determination, and linked his conclusion to the evidence. *Cf. Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (ALJ's credibility findings should be linked to evidence and not just a conclusion). We therefore conclude that claimant has not presented any grounds for overturning the ALJ's credibility determination.

Next, claimant asserts that the ALJ erred in failing to follow the November 17, 1994 letter opinion of Dr. Williams that claimant was not able to work or seek employment. In considering Dr. Williams' opinion, the ALJ opined that this conclusory statement was not entitled to great weight and consideration unless there was an absence of conflict in the evidence and all the evidence supported this conclusion. The ALJ then concluded that without objective medical or laboratory data supporting this conclusion, Dr. Williams' opinion need not be given probative weight. We agree.

An ALJ is required to give substantial weight to a treating physician's opinion as long as "'it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record.'" *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) (quoting *Castellano*, 26 F.3d at 1029). While other examining physicians concurred with Dr. Williams' diagnosis, no other physician opined that claimant was permanently

disabled. We acknowledge that the record indicates that Dr. Williams saw claimant several times over a two-month period and was treating claimant for her back pain. It appears that his treatment, however, was in response to claimant's recitation of her history of back injury and her complaints of back pain. There is no supporting medical or laboratory data in the record upon which Dr. Williams could have based his opinion that claimant was unable to work. Therefore, because Dr. Williams' judgment that claimant was unable to work was conclusory and unsupported, the ALJ did not err in rejecting this opinion. *See Bean*, 77 F.3d at 1214.

Claimant further alleges that the ALJ erred in failing to develop the record as to claimant's alleged mental impairment. Specifically, she alleges that the ALJ should have ordered a consultative psychiatric examination based on the record evidence that she suffered from anxiety. In her applications, claimant did not claim disability due to a mental impairment. The record, however, indicates that Dr. Williams prescribed Xanax for anxiety. When questioned by the ALJ, claimant testified that, although she had attacks of anxiety about once a week,

they were controlled by the Xanax. [3] She did not indicate that these bouts of anxiety were at all limiting.

The Commissioner has a great deal of latitude in deciding whether to order consultative examinations. *See Diaz*, 898 F.2d at 778. When a claimant is represented by counsel at the hearing, the burden ordinarily is on counsel to present issues in need of further exploration. *See Hawkins. v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997). "In the absence of such a request by counsel, we will not impose a duty on the ALJ to order a consultative examination unless the need for one is clearly established in the record." *Id.* at 1168. The ALJ's duty to develop the record is limited to those issues that are material. *See Baca v. Department of Health & Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993).

Here, the ALJ found that claimant had never been referred for mental health treatment nor had she sought treatment on her own; her anxiety had never restricted her activities or social interactions; and her anxiety had never affected

---

[3]     The record contains evidence of claimant receiving treatment for anxiety on two occasions. On May 2, 1992, she was treated in a hospital emergency room for an accelerated heart rate. She related that these symptoms started during an argument with her husband when he threatened to kill her if she left him. *See* Appellant's App. Vol. II at 234. In March 1995, it appears that claimant had an attack of heart palpitations while being injected with Xylocaine with Epinephrine by her dentist. Although Dr. Williams noted a history of palpitations, he diagnosed a probable sensitivity to the Epinephrine. *See id.* at 259.

her work or working environment. The ALJ then concluded that her anxiety was mild and would have no adverse affect on her ability to work.

Because the ALJ's conclusion that claimant's anxiety was not a material issue in her disability determination was supported by the evidence in the record, we discern no error in the ALJ's failure to develop the issue further or order a consultative examination.

Despite counsel's representation to this court to the contrary, [4] claimant's final contention of error, that the ALJ's hypothetical question to the vocational expert was incomplete and inaccurate, was not adequately raised or argued to the district court. Therefore, we will not address the issue on appeal. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994) (holding that generally issues not preserved in the district court are waived on appeal).

---

[4] Counsel has recently been sanctioned by this court for this kind of misrepresentation. *See Lail v. Apfel*, No. 98-7079 (10th Cir. April 13, 1999). Because the briefs in this case were filed prior to this court's sanction order, we take this occasion only to remind counsel that misrepresentation of the record on appeal will not be tolerated.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge