**F I L E D**

UNITED STATES COURT OF APPEALS

**JUL 9 2002**

FOR THE TENTH CIRCUIT

ANITA WISE,

        Plaintiff - Appellant,

v.

JO ANNE B. BARNHART, *
Commissioner of Social Security
Administration,

        Defendant - Appellee.

No. 01-3222
(D.C. No. 98-CV-4138-RDR)
(D. Kansas)

ORDER AND JUDGMENT **

Before **SEYMOUR** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*      On November 9, 2001, Jo Anne B. Barnhart became the Commissioner of
Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Ms. Barnhart is substituted for Larry G. Massanari as the
appellee in this action

\*\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Claimant Anita Wise appeals an order of the district court denying Social Security disability insurance benefits.  She applied for benefits in 1993, which application was denied initially and upon reconsideration.  After a hearing, the administrative law judge (ALJ) concluded that she could return to her past work as a courtesy clerk/grocery sacker and janitor, denying benefits at step four of the applicable analysis.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (detailing steps).  The Appeals Council affirmed the ALJ's decision and claimant then filed suit in federal court.  The district court affirmed the ALJ's conclusion that claimant was not disabled during the relevant period.

This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review the agency's decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied.  *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289 (10th Cir. 1995).  We may not reweigh the evidence or substitute our judgment for that of the agency.  *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

On appeal, claimant first argues that the ALJ ignored repeated documentation about her alleged mental limitations, including opinions by

treating psychologists [1] and consulting psychiatrists and psychologists.  Claimant notes that, in response to a hypothetical posed by the ALJ which contained these alleged limitations, the vocational expert opined she would be unemployable.  A review of the ALJ's opinion leads us to reject these arguments.

The ALJ properly evaluated claimant's allegations of mental limitations.  His opinion summarized and discussed all of the medical evidence regarding claimant's diagnosed mental conditions and treatment.  The ALJ gave specific, legitimate reasons for rejecting the opinions of two consulting sources, Dr. Frieman and Dr. Shelton, as inconsistent with the record as a whole, relying in part on the testimony of a medical expert at the hearing and in part on the opinion of another consulting source, Dr. Voth.  Based on the consistent medical evidence in the record, and the medical expert's opinions, the ALJ filled out a Psychiatric Review Technique Form (PRT), concluding that, although claimant had an organic mental disorder (specific learning disability) and an affective disorder (depression), those mental conditions did not result in limitations that substantially affected her ability to work.  Further, the ALJ found claimant's complaints of mental limitations not wholly credible; noting that, in contradiction

---

[1]     Contrary to counsel's assertion, the treating sources he discusses in making this challenge were not psychologists, but therapists.  The therapists were supervised by psychologists, who signed the therapy reports, but there is no evidence that the doctors ever treated claimant.

to claimant's testimony that she had problems with people, there was evidence that claimant attended church several times each week, did religious visiting, and showed people around a mobile home court managed by her husband. The ALJ's conclusions in the PRT are supported by substantial evidence in the record. Accordingly, the ALJ was not bound by the VE's opinion that claimant was unemployable in answer to a hypothetical question that included alleged mental limitations the ALJ concluded did not exist. *See Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995).

Claimant asserts that the ALJ failed to make findings about the mental demands of her past work, as required by Social Security Ruling 82-62 and applicable case law, specifically *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996), and *Henrie v. United States Department of Health & Human Services*, 13 F.3d 359 (10th Cir. 1993). However, as noted above, the ALJ concluded that claimant's mental conditions did not significantly impair her ability to work. Because the ALJ is required to make findings "about those work demands which have a bearing on the medically established limitations," *Winfrey*, 92 F.3d at 1024 (quoting SSR 82-62), he did not err in failing to inquire into the mental health demands of claimant's past work where there were no such limitations. This argument also lacks merit.

Claimant contends that her past employment as a courtesy clerk/grocery sacker and janitor does not qualify as past relevant work because she performed those jobs only part-time. Counsel offers no legal authority for this proposition, and applicable authority leads us to conclude otherwise. "Past relevant work is defined as work that (1) occurred within the past fifteen years . . . , (2) was of sufficient duration to enable the worker to learn to do the job . . . , and (3) was substantial gainful employment." *Jozefowicz v. Heckler*, 811 F.2d 1352, 1355 (10th Cir. 1987); *see also* 20 C.F.R. § 303.1565. Substantial gainful employment may include part time work. 20 C.F.R. §§ 404.1572(a).

Claimant also argues that her past work as she performed it required her to lift fifty pounds, in contradiction to the vocational expert's testimony that those jobs were classified at a light exertional level. However, the issue is not whether claimant can return to her actual past job, but to the type of work she performed in the past. *See Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1051 (10th Cir. 1993). Finally, claimant contends that the vocational expert's testimony that these jobs were performed at the light exertional level conflicts with the opinion of a state disability examiner and the Dictionary of Occupational Titles. Counsel did not raise these arguments before the district court in challenging the agency's decision, and therefore we decline to address them. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994).

Claimant raises the following additional arguments on appeal: 1) the ALJ's conclusions on the Psychiatric Review Technique Form attached to his opinion were not supported by the record; and 2) the ALJ violated the treating physician rule, *see Goatcher*, 52 F.3d at 289-90, by ignoring reports from treating psychologists. We decline to address these arguments because they were not presented to the district court. *See Crow*, 40 F.3d at 324.

Claimant also challenges the district court's decision. She contends that the district court improperly relied on the term "fair" when used by the consulting examiners in evaluating limitations caused by claimant's mental conditions. As noted above, the ALJ rejected the reports by Doctors Frieman and Shelton. Claimant argues that the report by Dr. Voth, cited by the district court, cannot serve as substantial evidence because it was a checklist. This argument is belied by the record, which contains, in addition to the medical assessment form filled out by Dr. Voth, a narrative history containing his findings and conclusions about claimant's mental status. Claimant's complaint that Dr. Voth's opinions, based on a single interview, cannot serve as substantial evidence, is meritless. The ALJ's conclusions did not solely rely on Dr. Voth's opinions, but on other substantial evidence in the record, as discussed above.

The judgment of the United States District Court for the District of Kansas

is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge